Teresa BLUNDELL–ZUKER, Plaintiff–Appellant,

v.

OAKLAND COUNTY PROBATE COURT, Defendant–Appellee.

No. 00–1893.

United States Court of Appeals, Sixth Circuit.

May 7, 2001.

Before NORRIS and COLE, Circuit Judges; HOLSCHUH, District Judge.*

*ORDER*

Teresa Blundell–Zuker, a Michigan citizen, appeals pro se the summary judgment for defendant in an employment discrimination action filed pursuant to the Americans with Disabilities Act (ADA), 42 U.S.C. § 12101 et seq. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously

---

* The Honorable John D. Holschuh, United States District Judge for the Southern District of Ohio, sitting by designation.

agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Blundell–Zuker was employed by defendant from 1982 to 1996 as a child welfare worker. Because she suffers from fibromyalgia, sleep apnea and depression, she requested accommodations from defendant in early 1996. The requested accommodations were an elevated work surface, a foot stool, a lumbar support pillow, being excused from attending evening meetings, limited driving, and no stairs. The position she held at the time in defendant's Clarkston, Michigan office, required occasional attendance at evening meetings, and was physically located on the second floor of a building with no elevator. On April 1, 1996, Blundell–Zuker met with defendant's EEO officer, who informed her that no position had been found which would meet her requirements and that she would continue searching for a position for two weeks, but if none were found, Blundell–Zuker would have to apply for disability. Blundell–Zuker hired an attorney who wrote to defendant protesting this result. On April 11, 1996, Blundell–Zuker was offered a transfer to a position as a child welfare worker in defendant's Pontiac office which would meet all of her accommodation requests. Blundell–Zuker never accepted this position, however, as her physicians shortly thereafter determined that she was totally disabled.

After receiving a notice of her right to sue from the EEOC, Blundell–Zuker filed a complaint through counsel alleging that defendant had failed to accommodate her disability in violation of the ADA and had subjected her to a hostile environment during the two April meetings. The parties conducted extensive discovery. Defendant then moved for summary judgment. The district court heard argument on the motion twice, resulting in an order granting partial summary judgment to defendant on the hostile environment claim, and subsequently, the grant of summary judgment to defendant on the remainder of the complaint. Blundell–Zuker filed a notice of appeal from the final judgment pro se, noting that she also wished to appeal an earlier denial of a motion to recuse the district court judge. On appeal, however, she has not briefed the recusal issue. Blundell–Zuker now argues in her brief that she would have encountered a hostile environment if she had accepted the transfer to Pontiac, because other employees also had to be transferred to provide that accommodation. She reiterates that defendant failed to confer with her to find a way to accommodate her in the Clarkston office, such as changing the evening meeting times or relocating her office to a ground floor site.

We conclude that the summary judgment for defendant must be affirmed, as de novo review establishes that there is no genuine issue of material fact and defendant was entitled to judgment as a matter of law. *See Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

■ The district court properly granted summary judgment to defendant on Blundell–Zuker's claim of a hostile environment. In her complaint, Blundell–Zuker referred to the two April meetings when she was told that she could not be accommodated and then offered the transfer to Pontiac as the basis for this claim. The district court properly concluded that this was insufficient to establish the kind of severe and pervasive mistreatment necessary to state a hostile environment claim. *See Crawford v. Medina Gen. Hosp.,* 96 F.3d 830, 835 (6th Cir.1996). Blundell–Zuker has altered her argument on appeal to concern the possibility that she would have encountered a hostile environment in Pontiac due to the transfer of other em-

ployees to accommodate her. Because this argument is speculative and was not presented to the district court, this court need not address it.

■ Blundell–Zuker bore the burden of proposing a reasonable accommodation which would enable her to continue working for defendant in the Clarkston office. *See Cassidy v. Detroit Edison Co.*, 138 F.3d 629, 633–34 (6th Cir.1998). She argues that the evening meetings could have been rescheduled for daytime and that her office could have been relocated. Neither of these accommodations were within defendant's control. The meetings were scheduled by local volunteers, not employees of defendant. The office space was also provided by the community at no cost to defendant. Either Blundell–Zuker or defendant could have discussed these ideas with the local community representatives and the volunteers. However, defendant proffered evidence that Blundell–Zuker's department head asked her whether the meeting times might be changed and that she had responded that such was unlikely, thus demonstrating the unreasonableness of the proposed accommodation. *See Monette v. Elec. Data Sys. Corp.*, 90 F.3d 1173, 1187 (6th Cir.1996).

■ Moreover, once defendant had gone beyond what was required by the ADA and offered to transfer Blundell–Zuker into another employee's position, *see id.* at 1187, Blundell–Zuker could not require defendant to make the specific accommodations she preferred, because defendant had proposed a reasonable alternate accommodation. *See Hankins v. The Gap, Inc.*, 84 F.3d 797, 800–01 (6th Cir.1996). Defendant argues that the transfer addressed all of Blundell–Zuker's concerns, because it required no stair climbing, and was a multiple-person office as opposed to the Clarkston single-person office, which would allow other employees to attend evening meetings and do work-related driving. Blundell–Zuker argues that the transfer was unreasonable because it would involve a longer commute for her. She lives in Lapeer, Michigan, and had transferred to Clarkston in 1992 from the Milford/Highland office due to an accommodation request for a shorter commute. Defendant presented evidence that the transfer would have increased Blundell–Zuker's commute from 35 to 40 minutes to one of 45 minutes to an hour. Blundell–Zuker made only a vague request for limited driving, which defendant reasonably construed as referring to work-related driving rather than her commuting time. We agree with the district court's finding that this proposal was reasonable, given the other factors which it addressed and the vagueness of the driving accommodation request. Blundell–Zuker also argues that the proposed accommodation was unreasonable because other employees would have been hostile to the arrangement. Because she never accepted the offer, however, she has no evidence to support her argument.

Furthermore, Blundell–Zuker has not shown that the proposed transfer would have been a materially adverse employment action. *See Kocsis v. Multi–Care Mgmt., Inc.*, 97 F.3d 876, 885 (6th Cir. 1996). It was Blundell–Zuker's physicians, not defendant, who determined that she was unable to continue working after April, 1996, and Blundell–Zuker testified that no accommodation was possible that would render her able to work after that point.

For all of the above reasons, the summary judgment for defendant is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.